UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

STERLING L. HENTON, )
)
    Plaintiff, )
)
v. ) No.: 3:10-CV-499
) (VARLAN/GUYTON)
WELLS FARGO BANK, N.A., *et al.*, )
)
    Defendants. )

**MEMORANDUM OPINION**

This civil action is before the Court on Defendants' Motion to Dismiss [Doc. 6], in which defendants move the Court to dismiss plaintiff's claims pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Sterling L. Henton, who is proceeding *pro se*, has not filed a response or opposition to the pending motion and the time for doing so has passed. *See* E.D. TN. LR 7.1(a), 7.2. The Court has carefully considered the pending motion and the supporting memorandum [Doc. 7] in light of plaintiff's complaint [Doc. 1-1] and the controlling law. For the reasons set forth herein, defendants' motion to dismiss will be granted and this case will be dismissed.

**I.    Relevant Facts**

Notwithstanding the lack of facts in plaintiff's complaint [Doc. 1-1], the Court will construe the complaint in the light most favorable to plaintiff, determine if there are any well-pleaded factual allegations to accept as true, and determine whether plaintiff can prove no

set of facts in support of his claims that would entitle him to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

Plaintiff initiated this lawsuit with a complaint titled "Petition for Injunctive Relief and Other Relief and for the Court to Compel Defendant to Produce and Comply with Plaintiff's Demands." [Doc. 1-1]. The complaint contains only a few factual allegations: (1) that plaintiff mailed a "Validation of Debt" to defendants on September 3, 2010; (2) that defendants received the "Validation of Debt" on September 7 and 8; and (3) that defendants have failed to comply with the "Validation of Debt." [*Id.*, p. 2]. Plaintiff asserts that defendants must act "pursuant to contract law and common sense" and "as stipulated by law." [*Id.*, pp. 2-3]. The complaint also contains citations to various sections of the Uniform Commercial Code (the "UCC") and the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1601, *et seq.* (the "FDCPA"). Plaintiff, however, has not cited specific provisions or statutes upon which his complaint is based. Plaintiff has also attached to his complaint a "Validation of Debt" letter [*Id.*, pp. 9-10]. This letter also contains vague references to statutes and acts, including the FDCPA and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA") [*Id.*].

## II.  Standard of Review – Rule 8(a) and Rule 12(b)(6)

Defendants have moved to dismiss plaintiff's claims pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order

to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, — U.S.—,—, 129 S. Ct. 1937, 1949 (2009).

A party may move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski*, 319 F.3d at 855. Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Iqbal*, 129 S. Ct. at 1937. A pleading must instead "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

As noted, plaintiff has elected to proceed *pro se* in this matter. "[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither this Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Liberal federal pleading standards do not permit litigants—even those acting *pro se*—to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. United States Attorney*, No. 96-1706, 1997 WL 211247, at *1 (6th Cir. Apr. 28, 1997) (upholding district court's dismissal of *pro se* complaint whose allegations were "far too muddled to serve as a basis for a proper suit").

## III. Analysis

Defendants contend that plaintiff's complaint should be dismissed for three reasons. First, because plaintiff asserts no specific conduct or violation of the cited statutes or acts and provides no guidance or related facts as to how the cited statutes or acts might be applicable.

4

Second, because even if plaintiff has stated a violation of a specific provision of the FDCPA, that statute is inapplicable as a matter of law because defendants are not "debt collectors" as that term is defined in the FDCPA. Third, assuming *arguendo* that plaintiff's "Validation of Debt" letter satisfies the criteria for a "Qualified Request Notice" under the RESPA, *see* 12 U.S.C. § 2605(e)(2), then plaintiff's claim against defendants for failure to provide the requested information is premature because defendants received the letter, at the earliest, on September 7, 2009.[1] Accordingly, defendants assert that no response was required by defendants until December 1, 2009.

The Court has reviewed plaintiff's complaint and agrees with defendants that there are no facts alleged in the complaint specifying a specific violation of a cited statute or act. While plaintiff has claimed violations of various statutes and acts and has pled some of the relevant statutory language, merely asserting that defendants acted in violation of these statutes cannot support plausible inferences that defendants did in fact commit those violations. Even taking into consideration plaintiff's *pro se* status, plaintiff's complaint does not contain either direct or inferential allegations concerning the elements of any of the cited provisions and does not raise the inference of some viable legal theory upon which plaintiff could potentially recover. Rule 8(a) demands more and the Court finds that plaintiff's complaint can not withstand defendants' Rule 12(b)(6) motion.

---

[1] Section 2605(e)((2) provides that a loan servicer must take action "[n]ot later than 60 days" after the receipt from any borrower of any qualified written request. 12 U.S.C. § 2605(e)(2).

In regard to plaintiff's references to the FDCPA, Congress passed that Act "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). *See MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734-35 (6th Cir. 2007) (discussing debt collectors and the FDCPA). In the present case, defendants contend that they are not "debt collectors" for purposes of the FDCPA. *See, e.g., Romberger v. Wells Fargo Bank, N.A.*, No. 07-13210, 2008 WL 3838026, at *4 (E.D. Mich. Aug. 14, 2008) (stating that "[b]ased on the allegations before the Court, neither Wells Fargo nor MERS satisfy the statutory definition of a 'debt collector' under the FDCPA"). Plaintiff has not provided the Court with any contrary allegation or evidence that defendants are in fact debt collectors as that term is defined in the FDCPA.

Furthermore, and in regard to plaintiff's references to RESPA and the "Validation of Debt" letter, the Court agrees with defendants that, to the extent plaintiff has attempted to assert a claim for failure to provide requested information pursuant to § 2605(e)(2), plaintiff's claim is premature given the allegations in the complaint that defendants received plaintiff's "Validation of Debt" letter, at the earliest, on September 7, 2009. *See, e.g., Kliesch v. Fifth Third Mortg. Co.*, No. 3:10-0600, 2010 WL 4922710, at *2 (M.D. Tenn. Nov. 29, 2010) (finding that the plaintiff's claim that the defendant had failed to furnish him the requested information under § 2605(e)(2) was premature because the defendant had sixty (60) days to furnish the plaintiff with the requested information).

## IV. Conclusion

For the reasons set forth herein, plaintiff's complaint fails to provide a short and plain statement of a claim showing that plaintiff is entitled to relief and fails to state claims upon which relief may be granted. Accordingly, Defendants' Motion to Dismiss [Doc. 6] will be **GRANTED** and this case will be **CLOSED**. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE